UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMTRUST INSURANCE COMPANY OF
KANSAS, INC. a/k/a AMTRUST INSURANCE
COMPANY,

                Plaintiff,                Case Number 21-12164

v.                                                    Honorable David M. Lawson

BEST GLOBAL EXPRESS, INC.,

                Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S
## MOTION FOR ENTRY OF DEFAULT JUDGMENT

This matter is before the Court on the plaintiff's motion for entry of a default judgment in this action for declaratory relief concerning the plaintiff's duty to defend and indemnify the defendant. The plaintiff insurer filed its complaint on September 16, 2021 pleading a single claim for relief under the Declaratory Judgment Act. The Court has reviewed the motion and the record of the proceedings and finds that the plaintiff is entitled to entry of a judgment by default granting the declaratory relief sought in the complaint. The motion therefore will be granted.

I.

Because the defendant has failed to answer or otherwise respond to the complaint and the Clerk has entered its default, the Court must accept all well pleaded factual allegations in the complaint as true. *United States v. Conces*, 507 F.3d 1028, 1038 (6th Cir. 2007). The complaint alleges that defendant Best Global Express, Inc. is a motor carrier that was covered by an insurance policy issued by the plaintiff. The policy provided coverage for losses to cargo while in transit by the defendant. In March 2020, the defendant contracted to convey eight truckloads of copper flakes from various locations in Illinois and Indiana to a recycling plant in Port Huron, Michigan.

The cargo was picked up — by persons or entities unknown — but none of the loads arrived at the destination, and the ultimate disposition of the cargo, valued at more than $700,000 in total, presently is unknown.  The plaintiff was contacted by C.H. Robinson, which was the freight broker that engaged the defendant to ship the cargo.  Robinson submitted a claim against the defendant's insurance policy for reimbursement of the value of the missing shipments.

The plaintiff's complaint, and an affidavit submitted with the motion for default judgment, recited the insurer's numerous failed attempts to contact the defendant about the claim, both before and after this lawsuit was initiated.  No response was forthcoming, and the plaintiff never received any coverage claim from the defendant.  Information obtained by the plaintiff during its attempts to contact the defendant suggests that the defendant entity has ceased its operations and now is defunct.

The defendant was served with the summons and complaint on September 25, 2021.  No answer to the complaint was filed, and the defendant has failed to appear or defend against the claims.  The Clerk of Court entered the defendant's default on December 16, 2021.

II.

The case is before the Court under diversity jurisdiction and calls for interpretation of a policy of insurance.  The essence of that claim sounds in contract, and it therefore is governed by state law.  The Court must apply the substantive law of the appropriate state forum as prescribed by the forum state's highest court.  *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).  The insurance policy is silent on the selection of forum law governing its interpretation.  When "[s]itting in diversity [and presented with a choice of law] a federal court must apply the choice of law provisions of the forum state."  *JAC Products, Inc. v. Yakima Products, Inc.*, 21-10633, 2022 WL 479407, at *2 (E.D. Mich. Feb. 16, 2022).  "The predominant view in Michigan has been that a

contract is to be construed according to the law of the place where the contract was entered into." *Chrysler Corp. v. Skyline Indus. Servs., Inc.*, 448 Mich. 113, 122, 528 N.W.2d 698, 702 (1995). The complaint alleges that the defendant is incorporated and has its principal place of business in Illinois, and that it entered into the contract of insurance in Illinois, where seven of the missing cargo shipments also were picked up. Nothing in the record refutes the plaintiff's position that Illinois law should govern the interpretation of the policy.

The plaintiff alleges that the defendant's failure to provide timely notice of the supposed claim and failure or refusal to cooperate with the investigation of the claim prejudiced the plaintiff's interest in verifying that coverage was provided for the loss of cargo, and it says that the failure to cooperate according to the terms of the policy also excluded coverage for the amount of any supposed loss. The plaintiff also alleges that, due to the defendant's failure to submit appropriate information about the loss, it has not been established that the losses were due to any direct physical peril causing damage to or loss of the cargo during transit. Moreover, the complaint also alleges that coverage was afforded only for losses occurring during shipments via a vehicle listed in the schedule of coverage, and the fact that all of the shipments were picked up within a short span of time at widely separated locations establishes that at least six out of the eight shipments could not have been transported by the single vehicle that was listed in the policy's coverage declarations. *See* Policy Endorsement, ECF No. 12-3, PageID.156.

The policy expressly provides that coverage is offered only for "direct physical loss caused by a covered peril to property of others described in the schedule of coverages." Policy, Coverage ¶ 1(a), ECF No. 12-4, PageID.168. The policy further requires that when a loss occurs the insured must provide prompt notice and cooperate in all necessary respects with the processing of a claim,

including supplying a sworn proof of loss. Policy, What Must Be Done in Case of Loss, ¶¶ 1, 9, ECF No. 12-4, PageID.173-74.

All of these allegations are accepted as true because of the defendant's default.

The Illinois courts have recognized the principle that coverage validly may be denied by an insurer where, after diligent attempts by the insurer to secure cooperation with a claim investigation, the insured has failed or refused to cooperate, and the insurer has been deprived of information sufficient to establish coverage as a result:

> An assistance and cooperation clause enables an insurer to prepare its defense to a loss claim and prevents collusion between the insured and injured party. Typically an insurer has little to no knowledge of the relevant facts, and is therefore dependent upon its insured for fair and complete disclosure. While an insured has no duty to assist an insurer in any effort to defeat a proper claim for recovery, the insured must disclose all facts within his knowledge and otherwise help the insurer determine coverage under the policy. In order to establish breach of a cooperation clause, the insurer must show that it exercised a reasonable degree of diligence in seeking the insured's participation and that the insured's absence was due to a refusal to cooperate. Whether the insurer exercised a reasonable degree of diligence and the insured's failure to appear could reasonably be attributed to a refusal to cooperate are questions that are resolved by examining the facts of the particular case.

*Founders Ins. Co. v. Shaikh*, 405 Ill. App. 3d 367, 374, 937 N.E.2d 1186, 1192-93 (2010) (citations omitted). Accordingly, "an insurer will [] be relieved of its contractual responsibilities [if] it proves [that] it was substantially prejudiced by the insured's actions or conduct in regard to its investigation or presentation or defense of the case." *Id.* at 375, 937 N.E.2d at 1193.

Where, as here, the insurer has made exhaustive efforts using readily available avenues of contact for the insured with no response, and the insured's failure or refusal to cooperate has deprived the insurer of information about the pertinent circumstances of the loss, the Illinois courts have held that coverage may be excluded due to the violation of the cooperation clause in the policy. *Id.* at 378–79, 937 N.E.2d at 1195-96. Based on the undisputed facts before the Court, the

plaintiff is entitled to a declaratory judgment holding that it is not required to defend or indemnify the defendant for the losses in question.

III.

The plaintiff has established, based on the uncontested facts placed before the Court, that it is not obligated to defend or indemnify the defendant under its policy of insurance against the cargo losses described in the complaint.

Accordingly, it is **ORDERED** that the plaintiff's motion for entry of default judgment (ECF No. 12) is **GRANTED**.

Is is further **ORDERED AND DECLARED** as follows:

1. Plaintiff AmTrust Insurance Company does not have a duty to indemnify defendant Best Global Express, Inc. under Policy No. KMC105819100 for any liability it may sustain as a result of any claims or legal actions filed in connection with the eight missing shipments of copper flakes, including, but not limited to, any claims or legal actions filed by C.H. Robinson.

2. Plaintiff AmTrust Insurance Company does not have a duty to defend defendant Best Global Express, Inc. under Policy No. KMC105819100 against any claims or legal actions filed in connection with the eight missing shipments of copper flakes, including, but not limited to, any claims or legal actions filed by C.H. Robinson.

                                                         s/David M. Lawson  
                                                         DAVID M. LAWSON  
                                                         United States District Judge

Dated: February 18, 2022